UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2010 FEB 25  A 8: 51

| | |
|---|---|
| KAREN FRASER | : |
| | : |
| v. | : CASE NO. 3:10cv183(WWE) |
| | : |
| CONNECTICUT DEPARTMENT OF | : |
| SOCIAL SERVICES & | : |
| DULCE FRAVAO | : |

<u>RECOMMENDED RULING</u>

Plaintiff, Karen Fraser, a resident of Bridgeport, CT brings this civil rights action <u>pro se</u> and <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915.  The civil rights complaint filed by plaintiff alleges a violation of her due process rights as well as claims of fraud and quantum meruit.  For the reasons set forth below, this complaint should be dismissed.

I.   <u>Standard of Review</u>

Plaintiff has met the requirements of 28 U.S.C. § 1915(a) and has been granted leave to proceed <u>in forma pauperis</u> in this action.  When the court grants <u>in forma pauperis</u> status, section 1915 requires the court to conduct an initial screening of the complaint to ensure that the case goes forward only if it meets certain requirements.  "[T]he court shall dismiss the case at any time if the court determines that…the action…is frivolous or malicious;…fails to state a claim on which relief may be granted; or…seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915 (e)(2)(B)(i)-(iii).

1

An action is "frivolous" when either:
(1) "the 'factual contentions are clearly
baseless,' such as when allegations are the
product of delusion or fantasy;" or (2) "the
claim is 'based on an indisputably meritless
legal theory.'" <u>Nance v. Kelly</u>, 912 F.2d
605, 606 (2d Cir. 1990) (per curiam) (quoting
<u>Neitzke v. Williams</u>, 490 U.S. 319, 327, 109
S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).
A claim is based on an "indisputably
meritless legal theory" when either the claim
lacks an arguable basis in law, <u>Benitez v.
Wolff</u>, 907 F.2d 1293, 1295 (2d Cir. 1990)
(per curiam), or a dispositive defense clearly
exists on the face of the complaint. <u>See
Pino v. Ryan</u>, 49 F.3d 51, 53 (2d Cir. 1995).

<u>Livingston v. Adirondack Beverage Co.</u>, 141 F.3d 434, 437 (2d Cir.
1998). The court construes <u>pro se</u> complaints liberally. <u>See
Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). Thus, "when an <u>in
forma pauperis</u> plaintiff raises a cognizable claim, his complaint
may not be dismissed sua sponte for frivolousness under § 1915
(e)(2)(B)(i) even if the complaint fails to 'flesh out all the
required details.'" <u>Livingston</u>, 141 F.3d at 437 (quoting
<u>Benitez</u>, 907 F.2d at 1295). The court exercises caution in
dismissing a case under section 1915(e) because a claim that the
court perceives as likely to be unsuccessful is not necessarily
frivolous. <u>See Neitzke v. Williams</u>, 490 U.S. 319, 329 (1989). In
addition, "unless the court can rule out any possibility, however
unlikely it might be, that an amended complaint would succeed in
stating a claim," the court should permit "a <u>pro se</u> plaintiff who
is proceeding <u>in forma pauperis</u>" to file an amended complaint
that states a claim upon which relief may be granted. <u>Gomez v.</u>

2

USAA Federal Savings Bank, 171 F.3d 794, 796 (2d Cir. 1999).

II.  Discussion

Plaintiff's complaint seems to allege that her due process rights were violated when she was denied a hearing by Department of Social Services ("DSS").  Plaintiff does not describe why that hearing was requested.  Plaintiff states that DSS cancelled the hearing because they did not have jurisdiction to hear her claim. Plaintiff's remedy is to appeal this decision to DSS.  Since plaintiff has not exhausted her administrative remedies she does not have a federal claim upon which relief can be granted.[1]

Heeding the mandate to proceed with caution and leniency when considering whether to dismiss a case under section 1915(e), this case should be dismissed as plaintiff has failed to exhaust his administrative remedies.  Notwithstanding the plaintiff's failure to exhaust her administrative remedies, to the extent that plaintiff has a claim, plaintiff is advised to provide a complaint stating a "plain and concise statement of the material facts." Conn. R. Civ. P. § 10-1.

III. CONCLUSION

The Complaint [Doc. #1] is **DISMISSED**. See 28 U.S.C. § 1915(e)(2)(B)(I).  Plaintiff's Motion to Appoint Counsel [Doc. #2]

---

[1]If plaintiff has appealed this decision to DSS, the Court assumes she has not yet received a decision on that appeal since the hearing she complains about was denied on 1/29/10 and this case was filed on 2/5/10.

is **DENIED**.  Any objections to this recommended ruling must be filed with the Clerk of the Court within fourteen (14) days of the receipt of this order.  Failure to object with fourteen (14) days may preclude appellate review.  <u>See</u> 28 U.S.C. § 636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; Rule 72.2 of the Local Rules for United States Magistrates; <u>Small v. Secretary of H.H.S.</u>, 892 F. 2d 15 (2d Cir. 1989)(per curiam); <u>F.D.I.C. v. Hillcrest Assoc.</u>, 66 F. 3d 566, 569 (2d Cir. 1995)


ENTERED at Bridgeport, this 24 day of February 2010.


/s/ Holly B. Fitzsimmons, USMJ
_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE