UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KAREN FRASER,　　　　　　　　　　　　　:
　　　　Plaintiff,　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
v.　　　　　　　　　　　　　　　　　　　　　　:　　3:10-cv-183 (WWE)
　　　　　　　　　　　　　　　　　　　　　　　:
CONNECTICUT DEPARTMENT OF SOCIAL　:
SERVICES and DULCE FRAVAO,　　　　　:
　　　　Defendants.　　　　　　　　　　　　　:

**MEMORANDUM OF DECISION ON PLAINTIFF'S
OBJECTION TO THE MAGISTRATE JUDGE'S RULING
AND MOTION FOR THE APPOINTMENT OF COUNSEL**

Plaintiff Karen Fraser brings this action pro se alleging (1) that defendants Connecticut Department of Social Services ("DSS") and Dulce Fravao denied her a hearing and (2) that defendant DSS libeled her. Now pending before the Court are plaintiff's objection to Magistrate Judge's ruling recommending dismissal of this action (Doc. #8) and motion for appointment of counsel (Doc. #9). For the reasons that follow, plaintiff's objection will be sustained, Magistrate Judge's Fitzsimmons' ruling will be overruled and plaintiff's motion for the appointment of counsel will be denied without prejudice.

**BACKGROUND**

For purposes of ruling on a motion to dismiss, the Court accepts all factual allegations of the complaint as true.[1]

---

[1] Although plaintiff included supplemental facts in her amended objection to Judge Fitzsimmons' recommended ruling, the Court will not review these facts at this stage. Instead, the Court will examine only the complaint. The Court will allow plaintiff to amend her complaint, should she so desire, in accordance with Federal Rule of Civil Procedure 15 to assert the facts in her amended objection.

As to count 1, plaintiff alleges that she submitted a request for a hearing with the DSS on October 24, 2009.  After repeated requests, on January 13, 2010, plaintiff was given a hearing date of February 1, 2010 at 9:30 a.m.  On January 29, defendant Fravao contacted plaintiff to inform her that the hearing was canceled because the DSS did not possess jurisdiction over plaintiff's case.

Plaintiff further alleges that in 2005, plaintiff had conversations with DSS regarding her divorce and a protective order issued against her ex-husband.  Nonetheless, DSS added plaintiff's ex-husband to the assigned DSS budget without her permission and without informing her.  This action led to a charge of larceny against plaintiff.  Plaintiff therefore alleges that she "had a right to rely on an expectation of quantum meruit from DSS to not libel plaintiff as a thief without factual proof."

## DISCUSSION

**I.    Motion to Dismiss**

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F. 2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader.  Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A plaintiff is obliged to amplify a claim with some factual allegations to allow the

court to draw the reasonable inference that the defendant is liable for the alleged conduct.  Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009).

Judge Fitzsimmons recommended that the Court dismiss plaintiff's action without prejudice because of plaintiff's failure to state in the complaint whether she had exhausted her administrative remedies.  Judge Fitzsimmons further recommended that the Court permit plaintiff to file an amended complaint setting forth additional details on how she had exhausted her administrative remedies.  In her amended objection to Judge Fitzsimmons' ruling, plaintiff asserts that because the DSS denied having jurisdiction over plaintiff's claim, an appeal within the department would be futile.

At this early stage and in light of the requirement to review pro se plaintiff's complaint liberally, the Court agrees with plaintiff that exhaustion of her administrative remedies by appealing the denial of her hearing may be futile.  Generally, a party appealing a state administrative decision must exhaust her administrative remedies.  See Johnson v. Statewide Grievance Committee, 248 Conn. 87, 95 (1999).  Exhaustion is excused, however, where recourse to those administrative remedies would be futile.  Greenwich v. Liquor Control Comm'n, 191 Conn. 528, 541-42 (1983).  At this early stage, it appears that requiring plaintiff to exhaust her administrative remedies may be futile in light of the Agency's denial of jurisdiction over her claim.  Therefore, the Court will sustain plaintiff's objection and overrule Judge Fitzsimmons' recommended ruling.  This holding, however, is without prejudice to defendants asserting it in a motion to dismiss because exhaustion goes to whether the Court possesses subject matter over this action.  See Murphy v. Zoning Comm'n, 223 F. Supp. 2d 377, 382 (D. Conn. 2002).  Allowing defendants to assert this claim would give the Court the benefit of adversarial

briefing.

Although Judge Fitzsimmons did not address plaintiff's libel claim, the Court will dismiss it sua sponte because the statute of limitations on this claim has tolled. A claim for libel, slander or defamation in Connecticut has a two-year statute of limitations. Conn. Gen. Stats. § 52-597 ("No action for libel or slander shall be brought but within two years from the date of the act complained of."); see also McClain v. Pfizer, Inc., 2008 U.S. Dist. LEXIS 17757 (D. Conn. Mar. 7, 2008) (applying section 52-597 to claim for defamation).

Plaintiff's claim for libel is based on events that took place in 2005 and 2006. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court may sua sponte dismiss a claim upon which relief may not be granted. Therefore, this claim will be dismissed because it is barred by the statute of limitations.

## II.     Motion to Appoint Counsel

Plaintiff also moves for the appointment of counsel.[2] The law allows the court to appoint counsel where a plaintiff proceeds pro se and in forma pauperis. See 28 U.S.C. § 1915(e)(1). The Constitution, however, does not provide for a right to counsel in a civil case. See In re Martin-Trigona, 737 F.2d 1254, 1260 (2d Cir. 1984).

To determine whether counsel should be appointed, the court must first consider whether the plaintiff has made sufficient efforts to obtain counsel. Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986). Next, the court must review whether plaintiff's

---

[2]     Because plaintiff has filed a renewed motion for the appointment of counsel (Doc. #9), the Court will deny as moot plaintiff's initial motion for appointment of counsel (Doc. #5).

4

position seems "likely to be of substance." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989).  If plaintiff's case is likely one of substance, the review turns to the facts of the case.  Specifically, the court considers:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason ... why appointment of counsel would be more likely to lead to a just determination.

Hodge, 802 F.2d at 61-62.

     For purposes of ruling on this motion, the Court assumes that plaintiff is indigent and, as evidenced by the attorneys listed in her motion that she has contacted for representation, that she has attempted to obtain counsel.  Further, the Court will assume, for ruling on this motion now, that plaintiff's claims are likely of substance.  Nonetheless, the factual allegations of the complaint do not support the appointment of counsel.  Plaintiff's claims are not so complex or of such a technical nature as to warrant the appointment of counsel.  Nor is it likely that there will be a substantial investigation or conflicting evidence for plaintiff to cross-examine.  Therefore, the Court will deny plaintiff's renewed motion for the appointment of counsel without prejudice should the nature of this case change as discovery proceeds.

## CONCLUSION

For the foregoing reasons, the Court SUSTAINS plaintiff's amended objection to Judge Fitzsimmons' recommended ruling (Doc. #11), OVERRULES Judge Fitzsimmons' recommended ruling (Doc. #8), DENIES plaintiff's motion for the appointment of counsel as moot (Doc. #5) and DENIES plaintiff's renewed motion for the appointment of counsel without prejudice (Doc. #9).  Further, the Court sua sponte DISMISSES plaintiff's libel claim.

Dated at Bridgeport, Connecticut, this 31st day of March, 2010.

                                            /s/
                                      Warren W. Eginton
                                      Senior United States District Judge